CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRAVIS WILLIAM BALL, | )<br>)<br>) |
| Plaintiff, | ) Case No. 7:10CV00350<br>) |
| v. | )<br>) MEMORANDUM OPINION<br>) |
| BRISTOL CITY SHERIFFS<br>DEPARTMENT, ET AL., | ) By: Glen E. Conrad<br>) Chief United States District Judge<br>) |
| Defendants. | |

For the third time, Plaintiff Travis William Ball, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, complaining that, as an inmate at the Bristol City Jail, he slipped in water which had accumulated on the floor around a leaky toilet and broke his hand. The court dismissed Ball's two previous actions on the ground that his allegations supported, at most, a claim of negligence on the part of jail officials, which is not actionable under § 1983.¹ Because Ball's current complaint is similarly deficient, the action will be summarily dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), as both legally frivolous and malicious.²

---

¹ See Ball v. Bristol, VA City Jail, Case No. 7:10CV00333 (W.D. Va. July 30, 2010). Ball v. City of Bristol, VA Jail, Case No. 7:10CV00303 (W.D. Va. July 12, 2010).

² A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

## Background

Ball sets forth the following allegations under the heading "Statement of Claim":

> Advising Deputy Stewart that the to[ilet] in my cell was leaking as it had been leaking for several days even after numerous complaints. Advising Deputy Odum the to[ilet] in my assigned cell was leaking in which I advised others of authority. My complaints went ignored. Plaintiff fell and broke his (right) hand due to gross negligence of the Sheriff's Department for not taking immediate appropriate action to fix to[ilet], which lead to my fall, as the leak was cause of fall.

(Compl. 2.) Ball indicates that he exhausted available administrative remedies. He sues the Bristol City Sheriff's Department, Sheriff Jack Wiesenburger, Captain Jeff Linen, and Major Maples. As relief, Ball seeks 1.5 million dollars in damages to compensate him for "complications with [his] right hand due to [his] ignored attempts to get the to[ilet] fixed. [He] is right handed and will suffer for years to come, based on another's negligence." Id.

## Discussion

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981).[3] On the other hand,

---

[3] It is not clear from the allegations in the complaint whether Ball, at the time of his injury, was a pretrial detainee or a convicted inmate serving a criminal sentence. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment, which applies to convicted inmates. See Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. Even harsh and uncomfortable prison conditions cannot be considered punishment, however, so long as they are rationally connected to a legitimate, nonpunitive, penological purpose and are not excessive in relation to that purpose. Id. As a practical matter, the contours of pretrial detainees' rights under the Due Process Clause are coextensive with the Eighth Amendment protections applicable to convicted inmates. See, e.g., Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury. Daniels v. Williams, 474 U.S. 327 (1986). Therefore, officials' negligent actions do not give rise to any claim actionable under § 1983.

In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the defendant officials acted with deliberate indifference toward a condition that posed a significant risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994). Proof of deliberate indifference requires a showing that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew that inference, and that he disregarded the risk by failing to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994).

As stated, Ball's current complaint raises the identical claim that Ball raised in two earlier § 1983 complaints. The court summarily dismissed Case No. 7:10CV00303 without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state any claim actionable under § 1983, and dismissed Case No. 7:10CV00333 without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. In both cases, the court found that under Farmer, Ball's complaints about a toilet leak were simply insufficient to put jail officials on notice that the leak posed a significant hazard to inmates' physical safety. The court noted that, at most, Ball's submissions alleged facts indicating that officers may have been negligent in not repairing the toilet sooner,[4] but that such

---

[4] Courts have regularly held that slip and fall accidents do not give rise to federal causes of action under § 1983. See, e.g., Lefall v. Johnson, 48 Fed. App'x 104 (5th Cir. 2002) (finding prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983).

negligence does not violate inmates' constitutional rights and so is not actionable under § 1983. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

Nevertheless, after being twice advised that his allegations about the toilet leak did not state a claim against anyone under § 1983, Ball filed this third lawsuit, raising the same claim against jail officials. For the reasons stated in more detail in the court's previous opinions, his allegations still fail to state any actionable claim under § 1983 and must, therefore, be dismissed, pursuant to § 1915A(b)(1), as legally frivolous. Moreover, Ball's repeated filing of a claim that he knows to be legally frivolous constitutes abuse of the legal process and provides grounds on which to dismiss his lawsuit as malicious, pursuant to § 1915A(b)(1). See, e.g., Johnson v. Edlow, 37 F. Supp. 2d 775, 776 (E.D. Va. 1999) (finding that a litigant may be deemed to act maliciously for purposes of § 1915A(b)(1) if his litigation history indicates his motive in filing suit is to vex and harass the defendants). An appropriate order will issue this day. The plaintiff is advised that dismissal of this action constitutes his second "strike" under 28 U.S.C. § 1915(g).[5]

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

---

[5] Pursuant to § 1915(g), a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 12th day of August, 2010.

                                           /s/ Glen Conrad
                                           Chief United States District Judge